

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2024

**BY E-MAIL**

The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Luis Espinal Paulino*, 24 Mag. 717

Dear Judge Tarnofsky:

    On April 5, 2024, Your Honor conducted a bail hearing (the "Bail Hearing") with respect to the defendant in the above-captioned case, Luis Espinal Paulino (the "Defendant"). The Defendant is charged with narcotics offenses in connection with his operation of a pill mill (the "Pill Mill") out of the cellar of a multi-family residence located in the Bronx (the "Residence"). The complaint against the Defendant is attached for the Court's reference.

    Until his arrest, the Defendant resided in a unit of the Residence, one floor above where the Pill Mill was located, with his wife and children. Accordingly, at the Bail Hearing, the Government argued that the Defendant should not be released, in part, because he would go right back to residing at the Residence, the same location in which he is alleged to have been operating a prolific pill pressing and drug distribution business. In response, defense counsel informed the Court that since the Defendant's arrest his family had moved out of the Residence, so there was no concern that the Defendant would return to living in the Residence.

    Following the Bail Hearing, and Your Honor's determination that the defendant be released on conditions, defense counsel informed the Government that he had been incorrect—that the Defendant's family was planning to move out of the Residence, but had not yet done so. Indeed, it is now the Government's understanding that the Defendant's plan upon release is to return to living in the Residence, the same location in which he is alleged to have run a prolific narcotics business, until his family is able to move.

    In order to mitigate any danger to the community associated with the Defendant's release, the Government respectfully requests that his bail conditions be modified to prohibit him from residing in the Residence. Defense counsel has informed the Government that he objects to this request, maintaining that the locks to the cellar of the Residence have been changed and, therefore, that the Defendant no longer has access to the space. The safety of the community should not, however, have to depend on the strength of those locks. The reality is that the Defendant is alleged

April 9, 2024
Page 2

to have operated an extremely large drug operation out of the cellar of the Residence that went undetected for months if not years. He should not now be permitted to return to residing at that same location, indeed with one of his alleged co-conspirators (his wife). Based on defense counsel's representations, it is the Government's understanding that the Defendant's family intends to move out of the Residence in short order; it is not unduly burdensome to require the Defendant to reside in another location (perhaps with one of his five cosigners) until they are able to do so.

> The Government's application for a bail modification is granted. Defendant may not reside at the Residence. Defendant shall reside at a location to be approved by Pretrial Services and shall not relocate without prior approval from Pretrial Services. Counsel for Defendant shall promptly provide Pretrial Services with the new address where Defendant proposes to live and the names of all other occupants of that location.
>
> Date: 4/10/2024
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Maggie Lynaugh
Assistant United States Attorney
(212) 637-2448

2